IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

      Plaintiff,

v.                                                                  Case No. 5:16-cv-04028-JTM

CAROLYN W. COLVIN, Acting
Commission of Social Security,

      Defendant.

**MEMORANDUM AND ORDER**

Mike Allen applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. He alleges that he was disabled as of October 9, 2013, due to back and knee pain. The Commissioner of Social Security denied his application upon initial review and upon reconsideration. Allen appeared with counsel on July 8, 2015, for a hearing before Administrative Law Judge (ALJ) Edward E. Evans in Wichita, Kansas. The ALJ determined in a written decision that Allen, despite his impairments, was not disabled within the meaning of the Act because he was still capable of performing his past relevant work as a security guard. Alternatively, the ALJ found Allen was capable of performing other jobs in the national economy, including arcade attendant, storage facility rental clerk, and parking lot cashier.

Allen, proceeding *pro se*, argues in this appeal that the ALJ's decision was erroneous for three reasons. First, he complains that the ALJ omitted mention of a

person who helped Allen mow his lawn in the summer of 2015. Dkt. 1 at 8. Second, he contends the ALJ erroneously found that Allen injured his back after lifting "a 50 pound bag of concrete mix and two 80 pound bags of 'pro-finish,'" but Allen actually lifted about twenty bags on the date of the injury. *Id*. Third, he asserts that the ALJ's finding as to his residual functional capacity (RFC) is not based on the opinions of medical doctors, it contradicts Allen's statement that he cannot work for over an hour in an upright position, and it "cannot be substantiated" and is therefore erroneous. *Id*.

### I. Standards of Review

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as these are "supported by substantial evidence." 42 U.S.C. § 405(g). The court accordingly looks to whether the factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he suffers from a physical or mental impairment which stops the claimant "from engaging in substantial gainful activity and is expected to

2

result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined at any step of the evaluation process that the claimant is or is not disabled, further evaluation is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal a designated impairment, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or can generally perform other work that exists in the national economy. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751). The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work. *Lax*, 489 F.3d at 1084. The burden then shifts to the Commissioner at step five to show that, despite the impairments, the claimant can perform other work in the national economy. *Id*. *See also Boham v. Colvin*, No. 15-1085-JTM, 2016 WL 1298094, at *2 (D. Kan. Mar. 31, 2016).

## II. Discussion.

Allen's first complaint is that the ALJ's order did not mention a person who helped Allen mow his lawn. Dkt. 1 at 8. The ALJ found Allen still does some yard work and mows his lawn, although it "takes longer" than it used to. Dkt. 11-3 at 20. This finding was based upon Allen's testimony at the hearing, wherein he stated that "it takes several attempts if I don't have the help – anyone to help me mow the lawn." Dkt. 11-3 at 55. Given plaintiff's testimony indicating that he was capable of mowing, albeit for limited periods of time, the ALJ's finding was based upon substantial evidence. The finding is not rendered erroneous by the fact that claimant sometimes had help in mowing the lawn.

Allen's second contention challenges the ALJ's finding that Allen hurt his back on October 7, 2013, after lifting a 50-pound bag and two 80-pound bags of concrete mix. Allen contends this was erroneous because he actually moved over twenty bags on the

date of the injury. But the number of bags lifted by Allen was not in any way material to the ALJ's conclusions. The ALJ accepted Allen's assertion that he suffered severe back pain after lifting heavy bags of concrete mix on October 7, 2013. The ALJ then reviewed the medical and other evidence pertaining to that injury, including Allen's subsequent visits for chiropractic care. The ALJ weighed the evidence pertaining to Allen's back pain and its effects, including objective medical evidence and Allen's subjective complaints. The number of bags that Allen lifted simply does not alter the relevant analysis or the ALJ's ultimate conclusion that, despite having periodic back pain, Allen was not disabled. *See Vangile v. Commissioner of Social Security*, 2016 WL 4087473, *8 (M.D. Fla., Aug. 2, 2016) (factual error that did not affect the ALJ's conclusion was harmless); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (same).

Allen's third claim challenges the ALJ's determination of his residual functional capacity (RFC). Allen first complains that the RFC was not based upon the opinions of medical doctors. But the record shows otherwise. The ALJ extensively reviewed the relevant medical evidence in reaching his RFC determination, including medical records from Shubert Chiropractic, Hunter Health Clinic, GraceMed, and Via Christi, as well as opinions from consulting examiner James G. Henderson, M.D. and medical consultant CA Parsons, M.D. The record shows that Parsons assessed Allen's residual capacity as falling in the medium range of exertion, including an ability to occasionally lift or carry 50 pounds; frequently lift or carry 25 pounds; stand or walk with breaks for a total of about 6 hours in an 8-hour workday; and sit with normal breaks for about 6 hours in an 8-hour day. Notably, the ALJ gave substantial weight to Parsons' exertional

findings but only partial weight to his opinion overall, because the evidence convinced the ALJ that Allen had greater limitations than Parsons found with respect to climbing, stairs, and kneeling. In addition, the ALJ found limitations based on claimant's testimony that included avoiding concentrated exposure to jerking or bouncing motions, and a need to shift positions between standing and sitting as frequently as every half-hour. Dkt. 11-3 at 16. The record shows that the ALJ properly considered the medical opinions.

Allen next complains that the RFC is inconsistent with his statement that he cannot work for more than an hour in an upright position. Allen's assertion, however, is not only inconsistent with objective medical findings reviewed by the ALJ, but it is also inconsistent with his own testimony. Allen testified that he could sit for two hours if he could move around in his chair. Dkt. 11-3 at 75. He testified with respect to being a security guard that his back and knee pain would prevent him from walking around and confronting people, but that "[i]f I was to have a job like that, sit at the camera, watch the monitor, I have no problem as long as I keep moving in my chair." Dkt. 11-3 at 63. Allen, a 51-year old (at the time of the hearing) college graduate, also said he could no longer work in jobs involving too much movement or standing, but he "can probably do an office job using my education now." Allen testified that on average he takes pain medication only twice a week; that he is symptom-free as long as he is not doing much in the way of strenuous activity; that he is able to shop, drive, and cook; he can do limited vacuuming and yard work; and he can walk around the block and can crouch. To the extent Allen is challenging the ALJ's finding as to his credibility, there is

ample evidence in the record supporting the ALJ's determination. The ALJ considered Allen's subjective complaints but found, in light of the entire record, that his pain was not disabling. The ALJ cited evidence to support that finding, including numerous instances of objective medical tests or observations indicating the lack of any disabling injury, Allen's admitted ability to perform a wide range of activities of daily living without difficulty, his limited use of pain medication, and his failure to try recommended measures such as cold compresses, which "suggest[s] his pain is not as severe as he alleges." Dkt. 11-3 at 20. These findings, which are tied to the record, are supported by substantial evidence. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("Evidence the ALJ should consider includes such items as 'a claimant's persistent attempts to find relief for [his] pain and [his] willingness to try any treatment prescribed….""). Credibility determinations "are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). Allen has shown no error in the ALJ's RFC determination, which is supported by substantial competent evidence. Nor has he shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

      **IT IS THEREFORE ORDERED** this 5th day of October, 2016, that the decision of the Social Security Commissioner denying Allen's application for SSI benefits is

AFFIRMED. It is further ordered that Allen's Motion for Order (Dkt. 12), Motion to Deny Further Extensions (Dkt. 15), Motion for Order (Dkt. 17), and Motion for Ruling (Dkt. 19) are DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE